**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,** | **Case No. _____** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **PANTECH WIRELESS, INC.,** | |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "Plaintiffs"), for their Complaint against Defendant Pantech Wireless, Inc., hereby allege as follows:

**THE PARTIES**

1.     Plaintiff Charles C. Freeny III is an individual residing in Flower Mound, Texas.

2.     Plaintiff Bryan E. Freeny is an individual residing in Ft. Worth, Texas.

3.     Plaintiff James P. Freeny is an individual residing in Spring, Texas.

4.     On information and belief, Defendant Pantech Wireless, Inc. ("Pantech") is a corporation duly organized and existing under the laws of the State of Georgia, having its principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.

**JURISDICTION AND VENUE**

5.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. §§1331 and 1338(a).

1

6.      This Court has specific and/or general personal jurisdiction over Defendant Pantech because it has committed acts giving rise to this action within this judicial district and/or has established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over each would not offend traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Pantech has committed acts within this judicial district giving rise to this action, and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,490,443)

8.      Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

9.      On December 3, 2002, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,490,443 ("the '443 patent"), entitled "Communication and Proximity Authorization Systems."  A true and correct copy of the '443 patent is attached hereto as **Exhibit A**.

10.     The named inventor of the '443 patent is Charles C. Freeny, Jr., who is now deceased.

11.     Plaintiffs are the sons of Charles C. Freeny, Jr., and Plaintiffs are the owners and assignees of all right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12.     On information and belief, Pantech has been and now is directly infringing the

2

'443 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '443 patent, including but not limited to the Pantech Perception smartphones and all reasonably similar products ("the accused Pantech products"), in violation of 35 U.S.C. § 271(a).

13.     On information and belief, Pantech is inducing and/or has induced infringement of one or more claims of the '443 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Pantech products in an infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Pantech has had knowledge of the '443 patent since at least the date of service of this Complaint.  Despite this knowledge of the '443 patent, Pantech has continued to engage in activities to encourage and assist its customers in the use of the accused Pantech products.  For example, through its website at www.pantechusa.com, Pantech advertises the accused Pantech products and provides instructions and technical support on the use the accused Pantech products.  On information and belief, by using the accused Pantech products as encouraged and assisted by Pantech, Pantech's customers have directly infringed and continue to directly infringe one or more claims of the '443 patent.  On information and belief, Pantech knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Pantech products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '443 patent.

14.     On information and belief, Pantech will continue to infringe the '443 patent unless enjoined by this Court.

15.     Pantech acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Pantech's infringement of Plaintiffs' rights under the '443 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II**

**(INFRINGEMENT OF U.S. PATENT NO. 6,806,977)**

16.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

17.     On October 19, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,806,977 ("the '977 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '977 patent is attached hereto as **Exhibit B**.

18.     Plaintiffs are the owners and assignees of all right, title and interest in and to the '977 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

19.     On information and belief, Pantech has been and now is directly infringing the '977 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '977 patent, including but not limited to the accused Pantech products, in violation of 35 U.S.C. § 271(a).

20.     On information and belief, Pantech is inducing and/or has induced infringement of one or more claims of the '977 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Pantech products in an

infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Pantech has

had knowledge of the '977 patent since at least the date of service of this Complaint.  Despite

this knowledge of the '977 patent, Pantech has continued to engage in activities to encourage and

assist its customers in the use of the accused Pantech products.  For example, through its website

at www.pantechusa.com, Pantech advertises the accused Pantech products and provides

instructions and technical support on the use the accused Pantech products.  On information and

belief, by using the accused Pantech products as encouraged and assisted by Pantech, Pantech's

customers have directly infringed and continue to directly infringe one or more claims of the

'977 patent.  On information and belief, Pantech knew or was willfully blind to the fact that its

activities in encouraging and assisting customers in the use of the accused Pantech products,

including but not limited to the activities set forth above, would induce its customers' direct

infringement of the '977 patent.

     21.     On information and belief, Pantech will continue to infringe the '977 patent

unless enjoined by this Court.

     22.     Pantech's acts of infringement have damaged Plaintiffs in an amount to be proven

at trial, but in no event less than a reasonable royalty.  Pantech's infringement of Plaintiffs' rights

under the '977 patent will continue to damage Plaintiffs, causing irreparable harm for which

there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,301,664)

     23.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the

Paragraphs above as if fully set forth herein.

24.     On November 27, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 7,301,664 ("the '664 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '664 patent is attached hereto as **Exhibit C**.

25.     Plaintiffs are the owners and assignees of all right, title and interest in and to the '664 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26.     On information and belief, Pantech has been and now is directly infringing the '664 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '664 patent, including but not limited to the accused Pantech products, in violation of 35 U.S.C. § 271(a).

27.     On information and belief, Pantech is inducing and/or has induced infringement of one or more claims of the '664 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Pantech products in an infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Pantech has had knowledge of the '664 patent since at least the date of service of this Complaint.  Despite this knowledge of the '664 patent, Pantech has continued to engage in activities to encourage and assist its customers in the use of the accused Pantech products.  For example, through its website at www.pantechusa.com, Pantech advertises the accused Pantech products and provides instructions and technical support on the use the accused Pantech products.  On information and belief, by using the accused Pantech products as encouraged and assisted by Pantech, Pantech's customers have directly infringed and continue to directly infringe one or more claims of the

'664 patent.  On information and belief, Pantech knew or was willfully blind to the fact that its

activities in encouraging and assisting customers in the use of the accused Pantech products,

including but not limited to the activities set forth above, would induce its customers' direct

infringement of the '664 patent.

28.	On information and belief, Pantech will continue to infringe the '664 patent

unless enjoined by this Court.

29.	Pantech acts of infringement have damaged Plaintiffs in an amount to be proven

at trial, but in no event less than a reasonable royalty.  Pantech infringement of Plaintiffs' rights

under the '664 patent will continue to damage Plaintiffs, causing irreparable harm for which

there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,072,637)

30.	Plaintiffs re-allege and incorporate by reference the allegations set forth in the

Paragraphs above as if fully set forth herein.

31.	On December 6, 2011, the United States Patent and Trademark Office duly and

lawfully issued United States Patent Number 8,072,637 ("the '637 patent"), entitled "Multiple

Integrated Machine System."  A true and correct copy of the '637 patent is attached hereto as

**Exhibit D**.

32.	Plaintiffs are the owners and assignees of all right, title and interest in and to the

'637 patent, including the right to assert all causes of action arising under said patent and the

right to any remedies for infringement of it.

33.	On information and belief, Pantech has been and now is directly infringing the

'637 patent in the State of Texas, in this judicial district, and elsewhere in the United States by,

among other things, making, using, selling, offering for sale, and/or importing into the United

States mobile devices that embody one or more of the inventions claimed in the '637 patent,

including but not limited to the accused Pantech products, in violation of 35 U.S.C. § 271(a).

34.     On information and belief, Pantech is inducing and/or has induced infringement

of one or more claims of the '637 patent as a result of, among other activities, instructing,

encouraging, and directing its customers on the use of the accused Pantech products in an

infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Pantech has

had knowledge of the '637 patent since at least the date of service of this Complaint.  Despite

this knowledge of the '637 patent, Pantech has continued to engage in activities to encourage and

assist its customers in the use of the accused Pantech products.  For example, through its website

at www.pantechusa.com, Pantech advertises the accused Pantech products and provides

instructions and technical support on the use the accused Pantech products.  On information and

belief, by using the accused Pantech products as encouraged and assisted by Pantech, Pantech's

customers have directly infringed and continue to directly infringe one or more claims of the

'637 patent.  On information and belief, Pantech knew or was willfully blind to the fact that its

activities in encouraging and assisting customers in the use of the accused Pantech products,

including but not limited to the activities set forth above, would induce its customers' direct

infringement of the '637 patent.

35.     On information and belief, Pantech will continue to infringe the '637 patent

unless enjoined by this Court.

36.     Pantech's acts of infringement have damaged Plaintiffs in an amount to be proven

at trial, but in no event less than a reasonable royalty.  Pantech infringement of Plaintiffs' rights

under the '637 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Pantech as follows:

a.      For judgment that Pantech has infringed and continues to infringe the claims of the '443, '977, '664, and '637 patents;

b.      For a permanent injunction against Pantech and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '443, '977, '664, and '637 patents;

c.      For an accounting of all damages caused by Pantech acts of infringement;

d.      For a judgment and order requiring Pantech to pay Plaintiffs' damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '443, '977, '664, and '637 patents as provided under 35 U.S.C. § 284; and

e.      For such other relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable by a jury.

Dated: July 9, 2014                    Respectfully submitted,


                                       */s/ Christopher D. Banys*
                                       Christopher D. Banys - ***Lead Attorney***

                                       BANYS, P.C.
                                       Christopher D. Banys          SBN: 230038 (California)

Richard C. Lin                 SBN: 209233 (California)
Eric J. Sidebotham             SBN: 208829 (California)
Jennifer L. Gilbert            SBN: 255820 (California)
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Tel: (650) 308-8505
Fax: (650) 353-2202
cdb@banyspc.com
rcl@banyspc.com
ejs@banyspc.com
jlg@banyspc.com

LOCAL COUNSEL:

WARD & SMITH LAW FIRM
Wesley Hill                    SBN: 24032294
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS**
**CHARLES C. FREENY III, BRYAN E. FREENY,**
**AND JAMES P. FREENY**